**Michael Glanton TOOKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–82–138CR.**

Court of Appeals of Texas,
Houston (14 Dist.).

June 3, 1982.

**516** 

David Eisen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This appeal arises out of a conviction for murder wherein the punishment was assessed at fifty (50) years in the Texas Department of Corrections. We affirm.

The sufficiency of the evidence is not challenged. The record reveals that in the early part of the evening on June 30, 1979, appellant drove by his ex-wife's home. He became curious when he saw a strange car parked in the driveway so he walked up to the rear of the house and looked through a large plate glass window. He saw his ex-wife and a strange man engaged in sexual activity on the floor of the den. He broke a window in the front of the house to get inside. Appellant began beating on the man until the stranger was able to escape. The stranger ran to a nearby drive-in grocery and called the police. When the police entered the house later that evening, they discovered appellant's ex-wife dead on the floor of her bedroom. A post-mortem examination of the body determined that she died as a result of suffocation caused by manual strangulation.

Appellant was found later that evening in the backyard of his parent's home sitting under a fig tree pointing a rifle to his chest. His father and brother managed to grab the rifle and restrain appellant until the police arrived. After being taken into custody and receiving the proper warnings in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979), appellant signed a written confession wherein he admitted choking his ex-wife. He was indicted for the felony charge of murder for intentionally and knowingly causing his ex-wife's death "by beating her with his hands and fists and by strangling her with his hands." A jury found appellant guilty and after a pre-sentence investigation, the trial court orally sentenced appellant to confinement in the Texas Department of Corrections "for not less than 5 years nor more than 50 years." After appellant accepted such sentence, the court, realizing that he mistakenly omitted to consider the enhancement paragraph of the indictment resentenced appellant to confinement in the Texas Department of Corrections "for not less than 15 years nor more than 50 years."

Appellant brings forward seven grounds of error. We will take appellant's grounds in the order in which they appear in the brief with the exception of ground of error 4 which will be discussed last.

██ In his first ground of error, appellant asserts that the trial court erred in admitting into evidence certain photographs of the deceased because they were prejudicial to appellant and served only to inflame the emotions of the jury.

The State introduced several photographs of the deceased taken at the scene of the crime and at the county morgue. Appellant contends that these photographs were so gruesome and horrible as to have either slight or no probative value. He further contends that before these photographs are admissible, the particular fact to which they relate must be put into issue. In *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1972), the Court of Criminal Appeals expressly overruled this former Texas law and held that "if a verbal description of the body and scene would be admissible, a photograph depicting the same is admissible." 475 S.W.2d at 267; *Marini v. State*, 593 S.W.2d 709 (Tex.Cr.App.1980). The court in *Martin* also held that "if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is

offered solely to inflame the minds of the jury." 475 S.W.2d at 267. We have examined the photographs about which appellant complains and find that they were not offered solely to inflame the minds of the jury but to prove the manner in which the deceased was killed.

Appellant objects also to the introduction of a photograph depicting the deceased and her daughter standing beside a piano. He asserts that this "family portrait" was totally irrelevant and highly prejudicial as it was introduced solely to incite thoughts in the juror's minds of a family "ruined" by the untimely death of the deceased. This photograph was relevant in establishing the identity of the person named the complainant in the indictment as being the same as the person with whom the stranger had been on the night of the murder. No error was committed by the admission of this photograph or those of the deceased taken at the scene of the crime or at the county morgue. We overrule appellant's ground of error 1.

Appellant alleges in ground of error 2 that the trial court's charge was fundamentally defective because it omitted to charge the jury on the part of the indictment providing that appellant intentionally and knowingly caused the death of the complainant "by beating her with his hands and fists." He asserts that had the indictment been written in the disjunctive as opposed to the conjunctive, the court's charge would have been proper. We disagree.

It is proper to allege conjunctively alternative means by which a murder is committed, prove one of these means and charge only on the means which is supported by the evidence. *Brandon v. State,* 599 S.W.2d 567 (Tex.Cr.App.1979). In *Brandon,* the indictment alleged that appellant murdered a police officer both "by stabbing and cutting him with a knife and by shooting him with a gun." The evidence presented showed that the officer was both stabbed and shot, but that his death was actually caused by the knife wounds. The trial court charged the jury only on the theory that the death was caused by cutting and stabbing with a knife. The Court of Criminal Appeals affirmed holding that the trial court's charge was proper even though the indictment alleged two different ways in which the deceased was killed. Finding no merit in this ground of error, we overrule appellant's ground of error 2.

In a related point, appellant asserts the indictment was fundamentally defective because it was "amended," in violation of Tex.Code Crim.Pro.Ann. art 28.10 (Vernon 1966), three days into the trial. We find the State's action was not an amendment of the indictment but merely an abandonment of one of the ways or means by which the offense could be committed. No violation of Art. 28.10 has been shown. *See Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976). Appellant's ground of error 3 is overruled.

Appellant asserts in his ground of error 5 that the trial court erred in failing to grant an instructed verdict on the offense of murder and failing to proceed solely on the offense of voluntary manslaughter. Applying the facts to the law on voluntary manslaughter, Tex.Penal Code Ann. § 19.04(a) (Vernon 1974), appellant contends that the cause which gave rise to his sudden passion under which influence the deceased was killed was his ex-wife's involvement with another man. The trial court was correct in instructing the jury on both murder and voluntary manslaughter because the evidence raised the issue of a "sudden passion." However, there was also evidence to support the offense of murder and it was proper for the court to instruct the jury on both offenses since the issue of whether adequate cause was shown is one for the jury. *Newman v. State,* 501 S.W.2d 94 (Tex.Cr.App.1973). In the instant case, the jury resolved that fact issue against appellant and the evidence amply supported their verdict. Appellant's ground of error 5 is overruled.

Appellant's ground of error 6 concerns the trial court's alleged error in failing to quash the enhancement paragraph of the indictment on the ground the indictment on which that conviction was based is

fundamentally defective. He asserts that the former indictment which charged appellant with the offense of impersonating a police officer did not include the words "public servant" in compliance with Tex.Penal Code Ann. § 37.11(a) (Vernon 1974). The appellate record before this Court does not contain a copy of that indictment. It is axiomatic that any assertions made in a brief must be supported by the record before we may consider the point on appeal. *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App. 1978); *Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr.App.1975). Nothing is presented for review. Appellant's ground of error 6 is overruled.

In his ground of error 7, appellant complains of the trial court's admission of testimony concerning an alleged rape of the deceased. We have reviewed the record containing this evidence and the prosecutor's argument wherein allusion is made to this testimony. No objection was made at trial either during the admission of the testimony or during the argument of the prosecutor. Complaints regarding admission of evidence or the contents of a State's closing argument must be preserved by a timely specific objection. *St. John v. State*, 427 S.W.2d 862 (Tex.Cr.App.1968); *Hargrove v. State*, 579 S.W.2d 238 (Tex.Cr.App. 1979). Nothing is presented for review. Appellant's ground of error 7 is overruled.

Appellant asserts in his ground of error 4 that the trial court erred in resentencing appellant after he was formally sentenced and accepted such sentence. He contends this amounts to an impermissible increase in the punishment assessed. We agree.

After sentence was first imposed on appellant, the trial court was without power to set aside that sentence and order a new sentence. Such attempted resentencing was null and void and of no legal effect. *Ex Parte Reynolds*, 462 S.W.Cr.App.1970); *Williams v. State*, 145 Tex.Cr.R. 536, 170 S.W.2d 482 (1943). The original sentence was a valid and proper sentence. The court's failure to consider the enhancement paragraph of the indictment prior to

first sentencing appellant should not enlarge the court's power over the case once sentence has been accepted. *Cf. Bowles v. State*, 550 S.W.2d 84 (Tex.Cr.App.1977). Consequently, the written sentence appearing in the record which reflects the Court's action in resentencing appellant must be modified in part to read "... and said Defendant shall be confined in said Department of Corrections for *not less than 5 years nor more than 50 years....*" Finding the second sentence to be void and of no legal effect, the sentence first imposed on appellant will stand. We sustain appellant's ground of error 4.

A pro se brief was filed in this case in addition to counsel's brief. There is no right to hybrid representation. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977). Our examination of the contentions asserted in the pro se brief reveals no error that should be considered in the interest of justice. *Rudd v. State*, 616 S.W.2d 623 (Tex. Cr.App.1981).

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

The conviction is affirmed as reformed.