**Harold McCLINTON Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–01086–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 25, 2001.

R. Scott Shearer, Houston, for appellants.

Carol M. Cameron, Houston, for appellees.

Panel consists of Justices CANNON, DRAUGHN, and LEE.*

## OPINION

NORMAN LEE, Justice (Assigned).

A jury convicted appellant of possession of a controlled substance (cocaine), more than four but less than 200 grams in weight. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.113 (Vernon Supp.2000). The trial court sentenced appellant to twelve years' confinement, but later altered the sentence to ten years' confinement. In three points of error appellant contests the sufficiency of the evidence to support his conviction and asserts the trial court erred by not granting a continuance on medical grounds. We affirm.

We first tackle appellant's complaints regarding the legal and factual sufficiency of the evidence. Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 320, 99 S.Ct. at 2789; *Johnson*

* Senior Justices Bill Cannon, Joe L. Draughn,   and Norman Lee sitting by assignment.

*v. State,* 871 S.W.2d 183, 186 (Tex.Crim. App.1993), *cert. denied,* 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994). The evidence is examined in the light most favorable to the jury's verdict. *Jackson,* 443 U.S. at 320, 99 S.Ct. at 2789; *Johnson,* 871 S.W.2d at 186.

■ This court also has jurisdiction to review the factual sufficiency of the evidence. *Johnson v. State,* 23 S.W.3d 1 (Tex.Crim.App.2000). Our review begins with the presumption that the evidence is legally sufficient. *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). We must look to all the evidence "without the prism of 'in the light most favorable to the verdict.'" *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In our review, we must be careful not to intrude on the jury's role as the sole judge of the credibility of the witnesses or the weight to be given their testimony. *See Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). We may set aside the verdict on factual sufficiency grounds only when that verdict is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Clewis,* 922 S.W.2d at 134–135.

■ Appellant was arrested at a residence during a 1997 raid. He contests the sufficiency of the evidence linking him to the cocaine seized during the raid. The State is required to establish not only care, custody or control of the contraband on the part of the accused, but that the accused was aware of his connection with it and knew what it was. *See Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). The state must "establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Id.* We will therefore detail the evidence which tends to link appellant to the contraband.

■ Houston Police Officer W.A. Wappers testified that he was the first officer out of the police vehicle during the raid. As point man, his job was to cover the back of the property being raided, both so that the escape route would be cut off for those in the residence and to prevent threats from coming from an unexpected direction. At the back of the property was a shed; next to that shed and near the door stood appellant. Wappers announced that a raid was in progress; at that point, he said appellant made eye contact with him, then turned toward the shed, stuck his arm inside the door, withdrew his arm, then lay down on the ground. After securing the back area of the property, Wappers put appellant under arrest.

Houston Police Sgt. W.C. Pudifin was also on the raid. He said he saw appellant standing "foot and a half, two feet" away from the door of the shed, saw appellant stick his hand inside and took it out, then put his hands up and laid down in front of the shed. Pudifin looked inside the shed and spotted a baggie containing a white substance behind a torn sheet of tarpaper. Pudifin did not retrieve the baggie, but when it became obvious what he had seen, appellant smiled at him and said, "It's not mine" and that "You have to prove it in court, okay?" Pudifin also said there was another man about twelve feet away from the shed, but that no one else went in the shed during the raid.

Officers Robert Romano and Mark Smith, members of the police raid team, said they did not see appellant stick his arm inside the shed. Both said they were concerned with the people near the front of the property at the time.

Vernon McWoodson was in his yard several doors down from the property in question. He said he saw appellant arrive at the residence just a minute before the raid occurred. He later saw appellant lying handcuffed not near the shed, but more than twenty feet away, near the house.

Appellant testified that he stopped by the residence to get someone to help him unload a lawn mower. He was told by several men under a carport attached to

the residence that the owner was in the shed, and had just taken "one or two steps" in that direction when the raid started. Appellant threw his hands up and lay down on the ground when ordered to "freeze" by the officers. He said he never got any closer than 25 feet to the shed, and that the cocaine was not his.

We find this evidence legally sufficient to support appellant's conviction. The jury is the trier of fact, and is the ultimate authority on the credibility of witnesses and the weight to be given to their testimony. See TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979); *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. [Panel Op.] 1981). For this reason, any inconsistencies in the testimony should be resolved in favor of the jury's verdict in a legal sufficiency review. *Johnson v. State*, 815 S.W.2d 707, 712 (Tex.Crim.App.1991) (quoting *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988)).

A rational jury was entitled to conclude that appellant knowingly possessed cocaine. Both Wappers and Pudifin said they saw appellant stick something inside the shed after the raid started; a cursory search there turned up the cocaine in question. After Pudifin looked inside the shed and saw the cocaine, but before it was moved, appellant showed he knew there was contraband in the shed when he challenged the officer to "prove it in court." Furthermore, we are unable to say that appellant's conviction is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Appellant's second and third points of error are overruled.

In his first point of error appellant contends the trial court erred in not granting his motion for continuance for medical reasons. The state contends that because the motion for continuance was not sworn, no error is shown. We agree with the state.

The granting of a continuance is committed to the sound discretion of the trial court. *Smith v. State*, 721 S.W.2d 844, 850 (Tex.Crim.App.1986). All motions for continuance must be sworn to by a person having personal knowledge of the facts relied upon for the continuance. TEX. CODE CRIM.PROC.ANN. art. 29.03 (Vernon 1989). If a motion for continuance is not sworn and in writing, nothing is presented for our review. *See Matamoros v. State*, 901 S.W.2d 470, 478 (Tex.Crim.App.1995); *Montoya v. State*, 810 S.W.2d 160, 176 (Tex.Crim.App.1989). Here appellant's motion is not sworn. Therefore nothing is presented for our review. We overrule appellant's third point of error.

## THE STATE'S APPEAL

Finally, the state seeks review of the trial court's reform of the sentence. When judgment was originally entered, on August 19, 1998, appellant was sentenced to twelve years' confinement. In a docket entry dated September 8, 1998, the trial court ordered the sentence reformed to ten years' confinement. The State contends this constitutes granting of a new trial as to punishment only, which the trial court is not authorized to do. However, we must first address procedural issues related to the State's complaint.

The State is permitted to cross-appeal a ruling on a question of law. TEX. CODE CRIM.PROC.ANN. art. 44.01(b) (Vernon Supp.2000). However, the state filed neither a notice of appeal nor raised a cross-point in this appeal. Under the civil appellate rules, this court would not be authorized to grant the State relief because the State did not file a notice of appeal. TEX. R.APP.P. 25.1(c). However, the criminal analog has no such provision. *See* TEX. R.APP.P. 25.2(a). One of our sister courts, faced with similar circumstances, elected to address the state's complaint when the State "clearly expressed the error alleged, the authority relied upon, and the relief sought[.]" *State v. Clemmer*, 999 S.W.2d 903, 905 (Tex.App.—Amarillo 1999, pet. ref'd). We will therefore address the

State's contention that the trial court lacked jurisdiction to reform its sentence within the plenary period. *See* Tex.Code Crim.Proc.Ann. art. 44.01(c) (Vernon Supp. 2000).

The State's complaint is grounded in the theory that the trial court granted a new trial as to punishment only and its action was therefore "null and void." However, a trial court retains jurisdiction to rescind its order granting a motion for new trial for 75 days after judgment is imposed or suspended in open court. *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex.Crim.App.1998). Because the trial court had plenary jurisdiction, its order was not "null and void" as contended by the state. *Cf. Rodriguez v. State*, 852 S.W.2d 516, 519–520 (Tex.Crim.App.1993) (where indictment or information continued to confer jurisdiction, appellant had no basis for his complaint that trial court had no authority to rescind its order of mistrial).

The question is fairly presented, however, as to whether the trial court had the power to *modify* its sentence within the time of its plenary power. While this is not a settled area of the law, we agree with our sister court that "a trial court has inherent power to vacate, modify or amend its own rulings." *Verdin v. State*, 13 S.W.3d 121, 123 (Tex.App.—Tyler 2000, no pet. h.). *See also Awadelkariem*, 974 S.W.2d at 728–729 (Meyers, J., concurring) and *Gutierrez v. State*, 979 S.W.2d 659, 664 (Tex.Crim.App.1998)(Meyers, J., concurring). Because the trial court merely amended its ruling within its plenary power, we overrule the state's complaint.

The judgment of the trial court is affirmed.