COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





THE STATE OF TEXAS, 

 

 Appellant,


v. 



ANGEL AGUILERA,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-01-00159-CR



Appeal from the


171st District Court


of El Paso County, Texas 


(TC# 990D02759) 




MEMORANDUM OPINION


 This is an appeal by the State of Texas which complains that the trial court was
without authority to reassess a defendant's sentence, the sentence being within the statutory
range and the defendant has begun serving the sentence. Appellee, Angel Aguilera, plead
guilty to the offense of aggravated sexual assault of a child and was sentenced by the trial
court to twenty-five (25) years' incarceration in the Texas Department of Corrections. After
an adjournment and an in-chambers meeting with counsel, the trial court called the case again
and announced that it had reconsidered the original sentence and re-sentenced Appellee to
fifteen (15) years' incarceration. Although the record includes bills of exceptions filed by
both parties, the record of the proceedings fails to disclose any specific reason why the trial
court reconsidered and reassessed the sentence earlier imposed. The State appeals on the
ground that the re-sentencing of Appellee was illegal and void. We agree, and for the
reasons stated, we reverse the judgment of the trial court.

 I. FACTUAL SUMMARY 

 Appellee, Defendant below, pled guilty to three counts of aggravated sexual assault
of a child and waived jury trial. The trial court entered a judgment of guilty for the offense. 
A week later, the trial court held a sentencing hearing. The following took place on the
record during the course of the hearing: 

THE COURT: Please be seated. We are back on the record, State of Texas
versus Angel Aguilera. Let the record reflect that the attorneys and the
Defendant are present in the courtroom. This truly is a very difficult, difficult
position to put anyone in. Sitting here trying to be in judgment of an
individual is very tough, sir. After pleading guilty to the Court and you waived
your rights to a jury trial, sir, and after I accepted and -- after you pled guilty
and I accepted your guilty plea and found you guilty for the offense of
aggravated sexual assault, three counts, sir, I hereby assess your punishment
at 25 years, sir, in the Texas Department of Corrections, Institutional Division,
sir. Is there any reason, Mr. Garcia, why punishment should not be
pronounced -- sentence should not be pronounced at this time, sir?


MR. GARCIA [Counsel for Appellant]: No, Your Honor.


THE COURT: Okay. Please stand, sir. Mr. Aguilera, upon having nothing
to say and you having been found guilty of the offense of aggravated sexual
assault, your punishment having been assessed at 25 years, sir, I hereby
remand you to the care, custody and control of the sheriff's department so that
they may deliver you to the director of the Texas Department of Corrections,
Institutional Division, sir, where you will be confined for 25 years, sir. You
are going to be -- for a period of 25 years, sir. Under the rules and regulations
governing the Institutional Division, your sentence is going to commence
today, sir, and you will get credit for all time served. Anything further?

 

MS. HAMILTON [Counsel for the State]: Your Honor, at this time, I believe
the victim would like to, off the record, make a victim impact statement.


THE COURT: Very well. 

 . . .


 The victim-impact statement was made off the record immediately after sentencing. 
The record does not indicate whether Appellee was absent from the courtroom during the
delivery of the victim-impact statement. Following the victim-impact statement the court
recessed. Following the recess, the court reconvened and the following took place on the
record: 

THE COURT: Very well. Let the record reflect that we have had an in-chambers discussion amongst the attorneys regarding my reconsideration of
the sentence, and I have informed counsel that I have reconsidered my
sentence and intend to reduce it at this time down to 15 years. At this time,
Ms. Hamilton, for the record, you wanted to state what?

 

MS. HAMILTON: Your Honor, for the record, the State would take the
position before the Court that after having pronounced legal sentence of 25
years in this cause, after hearing evidence and testimony, that it would be an
illegal sentence that the Court would impose -- talking about the reduction and
the 15 years -- so the State objects to the illegal sentence that is about to be
imposed on the Defendant.

 

THE COURT: Very well. It is the Court's position, though, however, that I
do have plenary power and plenary jurisdiction for at least 30 days after the
imposition of any sentence, whether it be civil or criminal. So based on that,
I'll go ahead and note your objection; however, it is overruled. At this time,
Mr. Aguilera, after pleading guilty to this Court and you waived your rights to
a trial by jury, and, remember, I did accept your guilty plea and I found you
guilty for the offense of aggravated sexual assault, three counts, I hereby
reconsider and I reassess your punishment to 15 years, sir, in the Texas
Department of Corrections, Institutional Division.THE COURT: I want the record to reflect that this Court did reconsider its
sentence, and I have set aside the previous sentence of 25 years. 


 What transpired during and after the victim-impact statement and prior to Appellee's
re-sentencing is disputed between the State and the trial judge. There was a conference, off
the record in the trial judge's chambers, and the record is silent as to what, if anything was
said in court as to the precise reasons for the reconsideration of sentence. The State timely
filed this appeal. Appellee filed a motion to dismiss this appeal for lack of jurisdiction, but
this Court opted to carry the motion to dismiss with the case and address the issue with the
rest of the issues on appeal. 

II. DISCUSSION

 The State's sole issue on review suggests that the trial court was without jurisdiction
to revise and reassess Appellee's sentence of twenty-five (25) years' incarceration. Appellee
counters by suggesting that this Court lacks appellate jurisdiction.

A. Jurisdiction 

 We first address Appellee's motion to dismiss for want of appellate jurisdiction. 
Appellee contends this case should be dismissed for lack of jurisdiction because his second
sentence was not illegal. Appellee pled guilty to the offense of aggravated sexual assault of
a child. The range of punishment for committing a first degree felony is a term of
imprisonment of not less than five years and not more than ninety-nine years or life
imprisonment. Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Appellee asserts the trial
court's reduction of his sentence from twenty-five (25) years to fifteen (15) years was not
illegal since it was within the statutory sentencing range. 

 Contrary to Appellee, the State argues this Court has jurisdiction pursuant to Article
44.01(b) of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 44.01(b)
(Vernon Supp. 2002). Under Article 44.01(b), the State is entitled to appeal a sentence on
the ground that the sentence is illegal. Id. The State asserts the trial court's second sentence
was illegal because the initial sentence of twenty-five (25) years' confinement was within the
range of punishment, and the trial court lacked the authority to re-sentence Appellee.

 In order for this Court to have jurisdiction under Article 44.01(b), it must be
determined that the State is appealing Appellee's sentence and not something else. State v.
Ross, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997); State v. Baize, 981 S.W.2d 204, 206
(Tex. Crim. App. 1998). A "sentence" has been narrowly defined as "that part of the
judgment order[ing] . . . that the punishment be carried into execution in the manner
prescribed by law." Tex. Code Crim. Proc. Ann. art. 42.02 (Vernon Supp. 2003); Ross, 953
S.W.2d at 750; Baize, 981 S.W.2d at 206. A sentence includes the terms of the punishment,
such as, how long the sentence will be and when the sentence will commence. Ross, 953
S.W.2d at 750. This Court will have jurisdiction if the State can show either the punishment
itself or the order carrying the punishment into execution is illegal. Baize, 981 S.W.2d at
206. 

 However, this Court will lack appellate jurisdiction if the State's appeal is based upon
a trial court action that affects the defendant's sentence. Ross, 953 S.W.2d at 750. In Ross,
the State appealed defendant's sentence because the trial court failed to enter a deadly
weapon finding in the judgment. Ross, 953 S.W.2d at 748. The State claimed the sentence
was illegal because the omission of the deadly weapon finding should have been considered
as part of the sentence. Id. The Court of Criminal Appeals held that although a deadly
weapon finding may affect a sentence, it does not effectively become a sentence. Ross, 953
S.W.2d at 748 (citing Marshall v. State, 860 S.W.2d 142, 143 (Tex. App.--Dallas 1993, no
pet.)). The Court also stated the deadly weapon finding or other factors, such as the type of
offense committed or a jury verdict, may impact a defendant's sentence but they are not to
be considered as part of the sentence. Ross, 953 S.W.2d at 750-51. Thus, the Court of
Appeals did not have jurisdiction because the omission of the deadly weapon was not a
sentence. 

 Furthermore, this Court will not have jurisdiction if the State's appeal is based on the
procedure leading to the assessment of punishment rather than the sentence itself. Baize, 981
S.W.2d at 206. In Baize, the State appealed defendant's conviction using Article 44.01(b). 
Id. The State claimed the sentence imposed was illegal because the trial court allowed
Appellee to untimely change his election for the jury to assess punishment. Id. The Court
of Criminal Appeals held that even if the trial court's act of assessing punishment was not
authorized, the State was not entitled to appeal because it failed to show the sentence order
or the punishment itself was illegal. Id.

 In this particular case, this Court has jurisdiction of the State's appeal. Unlike Ross
or Baize, the State's ground for appeal is based on the very sentence given by the trial court. 
The State is appealing the trial court's second sentence that reduced Appellee's prison term. 
The State specifically made the objection, "the State would take the position before the Court
that after having pronounced legal sentence of twenty-five years in this cause . . . it would
be an illegal sentence that the Court would impose - talking about the reduction and the 15
years - so the State objects." Contrary to Ross, the State is not objecting to the omission or
other factors that would impact the sentence such as a deadly weapon finding. Neither is the
State appealing the trial court's procedure for assessing the punishment like in Baize. Rather,
the State is appealing on the grounds that the second sentence itself is illegal. Therefore, we
find that this Court does have jurisdiction. We now address the merits of the State's
complaint. Ross, 953 S.W.2d at 750. 

B. Trial Court's Authority to Re-sentence Appellee

 As a second issue, Appellee asserts the trial court had plenary power to modify his
sentence from twenty-five (25) years to fifteen (15) years. The trial court justified the
sentence modification based on its plenary power. The court specifically stated, "I do have
plenary power and plenary jurisdiction for at least 30 days after the imposition of any
sentence, whether it be civil or criminal. So based on that, I'll go ahead and note your
objection; however, it is overruled." 

 The State made its objection to the reduction of Appellee's sentence on the basis that 

the re-sentence was illegal. The State asserts the trial court did not have the plenary power 
to modify Appellee's sentence because the first sentence of twenty-five (25) years was valid. 
Furthermore, the State contends the second sentence is null and void and of no legal effect. 
 In order to determine whether the trial court had plenary power to re-sentence
Appellee, this Court must ascertain if the first sentence of twenty-five (25) years was a valid
sentence. A sentence involving a felony requires the defendant to be present at the time the
sentence is pronounced. Tex. Code. Crim. Proc. Ann. art. 42.03 (1)(a) (Vernon Supp.
2003); Pruitt v. State, 737 S.W.2d 622, 622-23 (Tex. App.--Fort Worth 1987, pet. ref'd);
Holly v. State, 494 S.W.2d 178, 179 (Tex. Crim. App. 1973). In addition to the defendant
being present, a sentence must conform to the verdict and judgment. Tex. Code Crim. Proc.
Ann. art. 42.01 (1) (Vernon Supp. 2003); Whitt v. State, 395 S.W.2d 39 (Tex. Crim. App.
1965). Lastly, a sentence commences the day it is pronounced unless defendant appeals his
conviction. Tex. Code Crim. Proc. Ann. art. 42.09 (1) (Vernon Supp. 2003); Ex parte
Alaniz, 931 S.W.2d 26, 29 (Tex. App.--Corpus Christi 1996, no pet.); see also State v.
Dickerson, 864 S.W.2d 761, 763 fn.3 (Tex. App.--Houston [1st Dist.] 1993, no pet.)(citing
Romero v. State, 712 S.W.2d 636, 638 (Tex. App.--Beaumont 1986, no pet.)(a defendant
accepts his sentence when he gives no notice of appeal). 

 The record indicates that Appellee's first sentence of twenty-five (25) years was a
valid sentence. First, Appellee was present during the pronouncement of his sentence.
Second, Appellee pled guilty to the charge of sexual assault on a minor child and his sentence
conformed to the punishment of five (5) to ninety-nine (99) years' or life imprisonment as
required for a second degree felony. Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Lastly,
the twenty-five (25) year sentence commenced the day it was pronounced because Appellee
did not appeal his conviction. The record stated the following: 

Court: Is there any reason, Mr. Garcia, why punishment should not be 
pronounced-sentence should not be pronounced at this time, sir?

Mr. Garcia: No, Your Honor

Court: Okay. Please stand, sir. Mr. Aguilera, upon having nothing to say and
you having been found guilty of the offense of aggravated sexual assault, your
punishment having been assessed at 25 years, sir, I hereby remand you to the
care, custody, and control of the sheriff's department. 


Therefore, Appellee's presence at sentencing and his failure to appeal establishes that he
fully accepted his punishment of twenty-five (25) years and the sentence was valid. Since the first sentence was valid, we must now determine whether the trial court had
the authority to re-sentence Appellee. The trial court stated it could re-sentence Appellee
because it had plenary power for "at least 30 days after the imposition of any sentence,
whether it be civil or criminal." The record fails to mention any case law or rule that
specifically provided the trial court with the authority to re-sentence Appellee. However, we
surmise based on the court's comments, that the trial court may have been relying upon Rule
329b(d) from the rules of civil procedure. Rule 329b(d) specifically states:

The trial court, regardless of whether an appeal has been perfected, has plenary
power to grant a new trial or to vacate, modify, correct, or reform the judgment
within thirty days after the judgment is signed. 


Tex. R. Civ. P. 329b(d).

 The statement made by the trial court and this rule are strikingly similar. Thus, there is a
strong indication the trial court based its plenary authority upon this rule.

 If the trial court based its authority upon this rule, the trial court did not have plenary
power to re-sentence Appellee because the Rule of Civil Procedure 329b(d) is "inapplicable"
to criminal cases. Ex parte Donaldson, 86 S.W.3d at 233. In Ex parte Donaldson, the
defendant pled guilty to charge of indecency with a child and he was placed on six (6) years'
probation. Id. Three years into his sentence the State moved to revoke his probation but later
filed a motion to dismiss the revocation. Id. The trial court granted the States motion to
dismiss but later entered an "Order Vacating Prior Order of Dismissal" after the defendant's
probation expired. Id. The trial court then held a hearing and sentenced the defendant to six
(6) years in prison for violating his probation. Id. The trial court based its authority to
revoke its motion to dismiss order on the grounds that it had plenary power to modify its
order under Rule 329b(d). Id. The Court of Criminal Appeals held Rule 329b(d) does not
apply to criminal cases and the trial court was without plenary power. Id. at 233. Therefore
in this particular case, the trial court does not have plenary power under Rule 329b(d) to
"vacate, modify, correct, or reform" Appellee's valid sentence. 

 Even if the trial court did not rely on Rule 329b(d), Appellee asserts the trial court had 

the power to re-sentence him. Appellee relies on Williams v. State, which held a "trial court
has full power and control of its judgments, orders, and decrees . . . ." Williams v. State, 170
S.W.2d 482, 486 (Tex. Crim. App. 1943). Furthermore, Appellee contends the trial court has
the inherent power to vacate, modify, or amend its own rulings. Id.; Verdin v. State, 13
S.W.3d 121, 123 (Tex. App. --Tyler 2000, no pet.); McClinton v.State, 38 S.W.3d 747 (Tex.
App.--Houston [14th Dist.] 2001, pet. filed). 

 Although a trial court has full control over its rulings, the power of a court is limited
after the sentence is imposed. Ex parte Alaniz, 931 S.W.2d 26, 29 (Tex. App.--Corpus
Christi 1996, no pet.); State v. Evans, 817 S.W.2d 807 (Tex. App.--Waco 1991), aff'd in part
on other grounds and rev'd in part on other grounds, 843 S.W.2d 576 (Tex. Crim. App.
1992). For example, the Court of Criminal Appeals has invalidated attempts to cumulate
sentences at a later date if the trial judge did not impose such cumulation order at the first
sentencing hearing and where the defendant has already begun serving the first sentence
imposed. Ex parte Brown, 477 S.W.2d 552 (Tex. Crim. App. 1972) (where defendant had
been incarcerated for two months at the time the court entered its cumulation order);
Blackwell v. State, 510 S.W.2d 952, 956 (Tex. Crim. App. 1974) (where defendant was
sentenced for a felony on one date and then a few days later was called before court again
to receive an order cumulating his sentence for felony theft with previous sentence); Ex parte
Voelkel, 517 S.W.2d 291 (Tex. Crim. App. 1975) (where defendant's sentences were
cumulated after he had already begun serving the sentence imposed by the court the day
before). Also, attempts by a trial court to re-sentence a defendant to take an enhancement
paragraph into account have been held void. Tooke v. State, 642 S.W.2d 514, 518 (Tex.
App.--Houston [14th Dist.] 1982, no pet.); Dickerson, 864 S.W.2d at 763.

 Furthermore, the Court of Criminal Appeals has recognized an exception to the
general rule that a trial court has full control and power over its judgments. The Court of
Criminal Appeals defined the exception to the general rule as:

[a] trial court is without power to set aside a sentence after the defendant has
been committed thereunder, and impose a new or different sentence increasing
the punishment, even at the same term at which the original sentence was
imposed. A judgement which attempts to do so is void, and the original
judgment remains in force.


Ex parte Reynolds, 462 S.W.2d 605, 607 (Tex. Crim. App. 1970) (quoting Powell v. State,
124 Tex. Crim. App. 513, 63 S.W.2d 712 (1933); see also Turner v. State, 116 Tex. Crim.
App. 154, 31 S.W.2d 809 (1930); Williams, 170 S.W.2d at 482; Ex parte Lange, 18 Wall,
163, 176, 21 L.Ed. 872 (1874). In Ex parte Reynolds, the defendant was convicted of
robbery in two causes. Reynolds, 462 S.W.2d at 607. In each cause defendant was sentenced
to six (6) years' imprisonment. Id. The original sentences "were silent as to cumulation." 
Id. at 605-06. However, four days later the court informed defendant his causes would be
cumulative. Id. at 606. The Court of Criminal Appeals held the trial court did not have the
power to add a cumulation order onto the original sentence because defendant had suffered
punishment. Id. at 608. Thus, the Court of Criminal Appeals has determined a trial court
does not have the power to set aside an originally imposed sentence after a defendant "has
been committed thereunder." Ex parte Reynolds, 462 S.W.2d at 607 (citing Powell v. State,
63 S.W.2d 712,713 (Tex. Crim. App. 1933); see Tooke, 642 S.W.2d at 518; Dickerson, 864
S.W.2d at 763. 

 In addition, a trial court is without the power to set it aside and order a new sentence
after a sentence is imposed. Tooke, 642 S.W.2d at 518. In Tooke, a jury found Tooke guilty
of murder and the trial judge sentenced him to "not less than 5 years and not more than 50
years." Id. at 516. Tooke accepted the sentence. Id. The trial court realized it had
mistakenly omitted to consider the enhancement paragraph of the indictment and re-sentenced Tooke during the same proceeding to confinement "for not less than 15 years and
not more than 50 years." Id. Relying on Ex parte Reynolds and Williams, the court held:

[a]fter sentence was first imposed on appellant, the trial court was without
power to set aside that sentence and order a new sentence. Such attempted
resentencing was null and void and of no legal effect. The original sentence
was a valid and proper sentence. The court's failure to consider the
enhancement paragraph of the indictment prior to first sentencing appellant
should not enlarge the court's power over the case once sentence has been
accepted. 


Tooke, 642 S.W.2d at 518. 



 Furthermore, after a defendant accepts a valid sentence the trial court does not have
the power to re-sentence a defendant. Dickerson, 864 S.W.2d at 763. Like Tooke, State v.
Dickerson, involved a defendant who was re-sentenced by the trial court immediately after
the pronouncement of the original sentence. In Dickerson, a jury found defendant guilty of
theft. Id. The trial court sentenced defendant to two years' confinement. Id. at 762. At the
punishment hearing, the trial court heard evidence of the State's enhancement proof. Id. at
761. Immediately after pronouncing the defendant's sentence the following transpired:The Prosecutor: Did you not find the enhancements true?

The Court: As enhanced?

The Prosecutor: And you assessed him to two years? 

The Court: Yes, sir.

The Prosecutor: He's a habitual which makes it a minimum of 25.

The Court: Well, that was a mistake then. I'm glad you called my attention
to it. Come back up here. Mr. Dickerson, I have to retract the sentence that
I have given here. The Court hereby finds the enhancements are true and
sentences you to 25 years in the Institutional Division of the Texas Department
of Corrections. Do you have anything to say why sentence of law should not
be pronounced against you? 


Defendant: No.

The Court: Having nothing to say, it's the order of this Court that you,
Michael Wayne Dickerson, having been adjudged guilty of the offense of theft,
a felony as enhanced as a habitual, . . . punishment is assessed at confinement
for a period of 25 years, be delivered to the Sheriff of Harris County, Texas 
. . . . You are hereby remanded to the sheriff and bailiff until he can carry out
the instructions of this sentence.


Defense trial counsel: Your Honor, at this time my client has asked me to
inform the Court he'd like to give notice of appeal. Id. at 762. 

 In Dickerson less than a minute elapsed between the time that the court first sentenced
the defendant and the time that the prosecutor brought the court's error to its attention. Id.
at 762, 765. Also, at the time the court called the defendant back to re-sentence him, he was
still inside the courtroom waiting to be taken to jail. Id. at 765. Defendant filed a "motion
for new trial" complaining of the court's re-sentencing and requested that the judgment be
corrected to reflect the original sentence. Id. at 762. The trial court granted the defendant's
motion and modified the judgment to two (2) years' confinement. Id. at 763. The State
appealed the granting of the motion. Id. The State argued that the trial court had authority
to reform the sentence because it had the authority to correct an error in the assessment of
punishment prior to the defendant beginning to serve his sentence. Id. 

 The Court of Appeals held the re-sentencing of defendant was null and void because
the original sentence was valid and proper. Id. at 763. The court specifically stated: 

While it is obvious . . . [the] trial court meant to find the enhancement
paragraphs true, three things occurred before it did so: (1) the court imposed
a lawful punishment; (2) the court pronounced a valid and proper sentence;
and (3) appellee accepted that sentence. Under these procedural facts, the trial
court was not free to 'retract the sentence . . . given here' and 're-sentence'
appellee, regardless of the fact that the punishment originally assessed was the
product of mistake or oversight. Id.


 Similar to Tooke and Dickerson, the trial court in the instant case did not have the
power to re-sentence Appellee after the initial sentence was imposed. The procedural facts
in this case are the same as in Dickerson because before the trial court re-sentenced Appellee
three things occurred. First, the court imposed the lawful punishment of twenty-five (25)
years because this was within the range of punishment for a first degree felony. Tex. Pen. 

Code Ann. § 12.32 (Vernon 2003). Second, the court pronounced a valid and proper
sentence. Third, Appellee accepted his sentence when he did not appeal his twenty-five (25)
year' sentence. Thus, even if the trial court decided to reduce the punishment to fifteen (15)
years on the assessment that it was a "product of mistake or oversight" the re-sentencing of
Appellee is void because Appellee's twenty-five (25) year' sentence was valid and proper. (1)

 Moreover, the trial court is barred from re-sentencing because Appellee was
committed under the sentence and suffered punishment. Tex. Code Crim. Proc. Ann. art.
42.01 (1) (Vernon Supp. 2003) (a defendant's sentence begins to run on the day it is
pronounced). Our case is similar to Tooke and Dickerson because a very short period of time
elapsed between the pronouncement of the original sentence and the re-sentencing. In both
cases, the trial courts re-sentenced the defendants within minutes after pronouncing the
original sentence. Furthermore, the short amount of time that elapsed did not seem to make
a difference to the appellate courts' resolution of the cases. Even if the Tooke and Dickerson
courts had explicitly required that the Appellee have begun serving his sentence to void a re-sentencing, a good case could be made that the twenty minutes following Appellee's original
sentence were enough to satisfy the requirement. In the final analysis, for whatever reason
the trial judge decided to re-sentence Appellee, be it mistake or otherwise, under the rationale
of Tooke and Dickerson, the trial court was not authorized to re-sentence him once it
pronounced a proper and valid sentence of twenty-five (25) years and Appellee accepted the
sentence by not giving a notice of appeal. 

 Furthermore, Appellee also contends the trial court had the authority to reduce his
sentence because case law only prohibits a court from increasing and not decreasing a
defendant's sentence. He claims trial courts are only prohibited from reforming a sentence
upward. Appellee relies on McClinton v. State as the basis for his claim that the trial court
had the plenary power to reduce his sentence downward. (2) 

 In McClinton, 38 S.W.3d at 747, the trial judge sentenced McClinton to twelve (12) 
years' confinement on August 19, 1998. Id. at 750. On September 8, 1998, the trial court
ordered the sentence reformed to ten (10) year's confinement. Id. at 751. The State argued
this constituted a granting of a new trial as to punishment only, which the trial court was not
authorized to do. Id. Upon concluding that the trial court had plenary jurisdiction because
a trial court retains jurisdiction to rescind its order granting a motion for new trial for 75 days
after judgment is imposed or suspended in open court, the McClinton court addressed the
issue of whether the trial court had the power to modify its sentence within the plenary
period. Id. The Court of Appeals held the trial court was so authorized because it could
amend its ruling within its plenary power. Id. 

 Although Appellee asserts McClinton is identical to the case at hand, we find it to be
distinguishable. The two cases differ because as the cases cited above have acknowledged,
the rule that trial courts are not free to re-sentence a defendant after pronouncing a valid and
proper sentence is an exception to the general rule that a trial court has full power and control
of its judgments, orders, and decrees. Therefore, in this case, we find that the trial court
lacked plenary power to reduce Appellee's sentence and consequently, the second sentence
of fifteen (15) years is illegal, null, and void, and of no force and effect. Appellant's sole
issue on review is sustained.

 Having sustained the State's sole issue on review we reverse the judgment of the trial
court, and remand the cause to the trial court for reinstatement of the original sentence
assessed and the corresponding judgment of conviction.


September 17, 2003




 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Publish)

 
1. The trial court in its Bill of Exception contends it decided to reduce Appellee's sentence because she was
"uncomfortable" with the original sentence. The trial judge's bill of exception stated:


As Judge Rangel began to leave the bench because court was adjourned, she informed counsel that
she wanted to see them in chambers. Once in chambers, Judge Rangel informed counsel that she
was uncomfortable since the pronouncement of the twenty-five (25) years. Judge Rangel further
informed counsel that she intended to reduce the sentence to 15 years. 

 

Although the State disagrees with the Judge's Bill of Exception, the State does contend the trial court had "more than
adequate time [to] make a well-considered decision on punishment" after the court heard three days of punishment
evidence, had a three-day recess, then heard arguments and read [Appellee's] confession before assessing the twenty-five (25) year' sentence. 
2. We note that McClinton is currently being reviewed by the Court of Criminal Appeals on a petition for
discretionary review.