IN
THE COURT OF CRIMINAL APPEALS

                                    OF
TEXAS

 

                                                              

                                                  No.
PD-0024-04



 

                                                 STATE
OF TEXAS

 

                                                             v.

 

                                        ANGEL
AGUILERA, Appellee

 



                ON
APPELLEE=S PETITION FOR DISCRETIONARY REVIEW

                              FROM
THE EIGHTH COURT OF APPEALS

                                                EL
PASO COUNTY



 

Johnson, J., delivered the
opinion of the Court, joined by Meyers, Price, Holcomb, and Cochran, JJ. 
Womack, J., filed a concurring opinion.  Cochran, J., filed a
concurring opinion, in which Price, J., joined.  Keasler, J., filed
a dissenting opinion, in which Hervey, J., joined.  Keller, P.J., and
Hervey, J., dissented.

 

                                                     O P
I N I O N

 








Appellee was charged by a single indictment with
three counts of aggravated sexual assault.  Appellee made an open plea of
guilty before the trial court, and the trial court initially sentenced him to
25 years= incarceration in the institutional division of the
Texas Department of Criminal Justice.  On the same day, after an off-the-record
Avictim impact statement@ allocution, the trial court held an in-chambers discussion with the
attorneys regarding the court=s reconsideration of the sentence.  The trial court,
over the state=s objection, then reassessed appellee=s sentence at 15 years= incarceration.  The state appealed.  The court of
appeals sustained the state=s sole issue, reversed the judgment of the trial
court, and remanded the cause to the trial court for reinstatement of the 
sentence originally assessed and the corresponding judgment of conviction. State
v. Aguilera, No. 08-01-00159-CR (Tex. App. - El Paso, delivered September
17, 2003).  Appellee petitioned for discretionary review.

We granted review of appellee=s sole issue, which asserts that the court of appeals erred in holding
that Texas trial courts do not have the inherent power to vacate, modify, or
amend their sentences downward within the time of their plenary power.  The
state argues that, once a defendant has been given a valid sentence, the trial
court has no authority to change that sentence.

Appellee suggests that a trial judge should have the
ability, upon reflection, to reform a defendant=s sentence
downward when the interests of justice require it and complains that the court
of appeals stated that the present case is different from McClinton v. State,
38 S.W.3d 747 (Tex. App. - Houston [14th Dist.] 2001, pet. dism=d, improvidently granted), yet failed to distinguish them.  He cites Williams
v. State, 170 S.W.2d 482, 486 (Tex. Crim. App. 1943), for the principle
that a trial court has full power and control of its judgments, orders, and
decrees, and suggests that Powell v. State, 63 S.W.2d 712 (Tex. Crim.
App. 1933), and its progeny prohibit reforming a sentence upward, but do not
prohibit reforming downward, as the trial court did in this case.








The state asserts that, once a valid sentence has
been imposed, as it was here, the trial court has no authority to change that
sentence.  The state also argues that a trial court does not have plenary power
to do something simply because there is no authority prohibiting such an action
and that, because there is no express authority by statute or rule permitting
the re-sentencing that occurred here, the trial court could not do so.  The
state further asserts that, even if there is plenary jurisdiction for a trial
court to modify a previously imposed sentence, re-sentencing is statutorily
prohibited by Tex. Code Crim. Proc.
Art. 42.09, ' 1, which provides that a defendant=s sentence begins to run on the day that it is pronounced.[1] 
It further argues that permitting such a modification of a valid sentence could
permit victim-impact statements to affect the fact finder at punishment in
contravention of the Legislature=s intent that such statements not affect the
punishment.[2]









In Harris v. State, 153 S.W.3d 394 (Tex.
Crim. App. 2005), we recently held that: 1) a trial court improperly
re-sentenced a defendant one day after having initially sentenced him to an
authorized, valid sentence; 2) the original sentence imposed was legal and
authorized; 3)  the second attempt at sentencing violated the defendant=s rights under the Double Jeopardy Clause; and   4) the second,
twenty-five-year, sentence was an unauthorized and unconstitutional
fifteen-year increase over the initial ten-year sentence. Id. at 397-98.
While we noted that the trial court could have properly used its plenary power
to modify the sentence if the new sentence was within the same statutory range
of punishment,[3]
our decision was based on a constitutional violation, re-sentencing the
defendant to a term of imprisonment that was outside of the statutory range of
punishment rather than on a claim of plenary power to modify. Id.  Harris
is clearly different from the issue presented here, as the re-sentencing was
done the next day and there can be no dispute that Harris had begun serving his
sentence. 

The procedural status of the case is relevant to our
decision here.  The appellee plead to the trial court without a plea bargain,
thus the trial court=s choice of sentence was limited only by the
applicable statute. If appellee had plead pursuant to a plea bargain and the
trial court had accepted the agreement, the sentence could not be changed
without appellee=s consent, as he would then be entitled to withdraw
his plea.  Absent a sentence not authorized by the applicable statute, a trial
court may not alter a sentence assessed by a jury, but if the defendant elects
sentencing by the judge after a jury trial, the situation is analogous to the
open plea we are presented with here. 








At a minimum, a trial court retains plenary power to
modify its sentence if a motion for new trial[4]
or motion in arrest of judgment[5]
is filed within 30 days of sentencing.[6] 
We hold that a trial court also retains plenary power to modify its sentence
if, as in this case, the modification is made on the same day as the assessment
of the initial sentence and before the court adjourns for the day.[7] 
The re-sentencing must be done in the presence of the defendant, his attorney,
and counsel for the state.  Such modifications comport with the provisions of
Article 42.09, ' 1, that a defendant=s sentence
begins to run on the day that it is pronounced,[8]
and the  provisions of Tex. Code Crim.
Proc. Art. 42.03, ' 1(a), that a felony sentence shall be pronounced in
the defendant=s presence.  In such circumstances, a trial court
has the authority to re-sentence a defendant after assessing an initial
sentence if the modified sentence is authorized by statute.

In this case, the trial court was acting within its
authority when, only a few minutes after it had initially sentenced appellee
and before it had adjourned for the day, it modified appellee=s sentence.[9] 
Appellee=s sole ground for review is sustained.  The court of
appeals is reversed, and the trial court=s sentence of fifteen years= incarceration is reinstated.

 

Johnson, J.

 

En
banc

Delivered:
June 22, 2005

Publish









[1] The provision in Article 42.09, ' 1, that a defendant=s sentence Abegins to run on the day it is pronounced@ did not preclude the trial court from re-sentencing
appellee on the same day on which he was initially sentenced. 





[2]
The state did not assert, in its sole issue in
the court of appeals, that the modification was based on an improper
consideration of the victim-impact statement.  Neither did it raise the issue
in a cross-petition to appellee=s petition for
discretionary review.  We therefore do not address the question of whether the
trial court modified the sentence on an improper basis. 





[3] Id. at 396, n.4.     In the instant cause,
Aguilera=s subsequent fifteen-year sentence was within the same
first-degree-felony range of punishment as was his initial twenty-five-year
sentence and was not an unconstitutional  modification of that initial
sentence.  In addition, the modification made in Harris required the
trial court to make an additional finding at the time of re-sentencing: the
enhancement allegations were true.  In this case, the trial court altered only
its determination of what term of years constituted the appropriate sentence.





[4] Tex. Rule of App. Proc.
21.4.





[5] Tex. Rule of
App. Proc. 22.3.





[6] We note that we have held that a plea of guilty to
the court results in a unitary trial. Carroll v. State, 975 S.W.2d 630,
631 (Tex. Crim. App. 1998).  We have also held that a trial court cannot grant
a new trial as to only the punishment phase of a trial. Haight v. State,
907 S.W.2d 845, 847 (Tex. Crim. App. 1995). However, a trial court may properly
entertain a motion for new trial, grant it, rehear the defendant=s plea, and re-sentence him, and it does not thereby
violate the prohibition against a grant by a trial court of a new trial as to
punishment only. 





[7] Concurring opinions from this Court  have touched on
the subject of plenary power.  See. e.g., Awadelkariem v. State, 974
S.W.2d 721, 728-29 (Tex. Crim. App. 1998)(Meyers, J., concurring)(Aa court has inherent power to correct, modify, vacate,
or amend its own rulings@ and, as long as it does not, by its ruling, divest
itself of jurisdiction or exceed a statutory time limit, it can simply change
its mind on a ruling.  AThe ability to do so is a necessary function of an
efficient judiciary.@ Id. at 729.);  McClinton, 121 S.W.3d at
769, n.1 (Cochran, J., concurring)(AClearly
a trial court has plenary jurisdiction over a case for at least the first
thirty days after sentencing because it has the authority to receive a motion
for new trial (or motion in arrest of judgment) within that time period and to
resolve the merits of that motion within 75 days after sentencing.@).        

At least two courts of appeals have held that a trial
court has the right to re-sentence a defendant within 30 days.  Junious v.
State, 120 S.W.3d 413, 417 (Tex. App. - Houston [14th Dist.]
2003, pet. ref=d)(trial court had inherent power within the time of
its plenary jurisdiction to alter the defendant=s sentence (motion for new trial timely filed; 25 years reduced to 10
years pursuant to plea bargain 15 days after original adjudication and
sentencing)); Ware v. State, 62 S.W.3d 344, 353-55 (Tex. App. - Fort
Worth 2001, pet. ref=d)(motion for new trial timely filed; a trial court in
criminal cases possesses inherent power to correct, modify, vacate, or amend
its own rulings (erroneously entered illegal sentence of 75 years reduced to
legal sentence of 10 years by nunc pro tunc order 12 days after original
sentencing)); McClinton, 38 S.W.3d at 747, 750-51 (Tex. App. - Houston
[14th Dist.] 2001, pet. dism=d)(trial
court=s re-sentencing merely amended its ruling within its
plenary power (12 years reduced to 10 years 20 days after original
sentencing)).  Under our holding today, only the decision in McClinton is
incorrect. 





[8]
TDCJ calculates the beginning of a sentence by
date.  Exactly when on a given day the sentencing  occurred does not affect the
calculation.  A sentence pronounced at 10:00 a.m. has exactly the same
sentencing date as a sentence pronounced at 4:30 p.m.  It is thus meaningless
to say that a defendant began serving his sentence at 9:30 a.m.; he began
serving it on the day, not at the time, of sentencing.





[9]
We  observe that a trial court has discretion to
grant a motion for new trial in the interest of justice even though that basis
is not specifically enumerated in the rules of appellate procedure. State v.
Gonzales, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993).  However, a trial
court does not have authority to grant a new trial on its own motion; there
must be  a timely motion for such by the defendant.  Zaragosa v. State,
588 S.W.2d 322 (Tex. Crim. App. 1979); Harris v. State, 958 S.W.2d 292
(Tex. App. - Fort Worth 1997, pet. ref=d).