Opinion filed July 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00331-CR 

                                                     __________

 

                                JOSE
ANTONIO FUENTES, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                 On Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 15867-B

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Jose
Antonio Fuentes was convicted of possession of more than four grams but less
than 200 grams of methamphetamine with intent to deliver and was sentenced,
after an open plea of guilty, to thirteen years confinement in the Texas
Department of Criminal Justice, Institutional Division.  Five days after
assessing that punishment, the trial court modified appellant=s sentence to ten years. 
The State filed a notice of appeal; however, the trial court rescinded the
modified sentence and reinstated the original sentence.  The State then
withdrew its appeal.  Appellant contends that the trial court erred in
reinstating the original sentence.  We affirm.

Background
Facts








On
July 28, 2006, appellant entered an open plea of guilty to count one of the
indictment in Cause No. 15867-B (possession of methamphetamine with intent to
deliver) and to count one of the indictment in Cause No. 15897-B (possession of
less than one gram of cocaine, a state jail felony).  The State then waived the
remaining counts in both causes.  On November 2, 2006, the trial court assessed
punishment in Cause No. 15867-B at thirteen years confinement and in Cause No.
15897-B at two years confinement in state jail.  The trial court orally
announced that the two sentences would run consecutively; however, the written
judgment signed by the court on November 2 in Cause No. 15867-B stated that the
sentences were to run concurrently.

On
November 7, the trial court held a hearing to correct the illegal sentence in
Cause No. 15897-B.  The trial court had determined that this was appellant=s first state jail felony
offense and, even though he was convicted on the same day of a first degree
felony, that mandatory community supervision was required by statute.  The
trial court reformed the sentence to two years, probated for two years.  At the
hearing, without a motion for new trial by appellant, the trial court also
stated that, Aafter
continuing to reflect on the evidence and the PSI,@ the punishment in Cause No. 15867-B would be
reduced to ten years.  On November 9, the trial court granted a new trial on
its own motion.

The
State filed a notice of appeal on the ground that the trial court=s resentencing order
violated Tex. Code Crim. Proc. Ann.
art. 42.09, ' 1
(Vernon Supp. 2007).  On November 15, the trial court in Cause No. 15867-B
rescinded its November 9 order granting a new trial, vacated the ten-year
sentence, and reinstated the thirteen-year sentence.  The trial court agreed
with the State that it did not have the authority to revise the November 2
judgment in Cause No. 15867-B; therefore, the November 2 judgment was the final
order of the court in that cause.  The trial court left in place the corrected
sentence in Cause No. 15897-B and its revision that the sentences would be
served concurrently.  The State withdrew its notice of appeal.  This appeal
only concerns the thirteen-year sentence in Cause No. 15867-B.  There was no
appeal in Cause No. 15897-B.

Analysis








Appellant
agrees that the trial court did not have authority to grant a new trial on its
own motion.  Zaragosa v. State, 588 S.W.2d 322 (Tex. Crim. App. 1979); Harris
v. State, 958 S.W.2d 292 (Tex. App.CFort
Worth 1997, pet. ref=d). 
In his first issue, however, appellant argues that the trial court had the
authority to modify the initial sentence from thirteen years to ten years
without a new trial.  In his second issue, appellant argues that the trial
court erred by, in effect, granting its own motion for a new trial and
increasing the reformed sentence back to the original sentence.  Appellant=s second issue is based on
his premise that the trial court on November 7 could have modified the sentence
to ten years without a new trial.  We disagree with appellant on both issues.

Appellant
cites McClinton v. State, 38 S.W.3d 747 (Tex. App.CHouston [14th Dist.] 2001),
pet. dism=d,
improvidently granted, 121 S.W.3d 768 (Tex. Crim. App. 2003), as support
for his position.  In McClinton, the court of appeals held that it was
within the trial court=s
plenary power to reduce a sentence from twelve years to ten years confinement
twenty days after the initial sentence was announced.  McClinton, 38
S.W.3d at 751.  The Court of Criminal Appeals granted the State=s petition for
discretionary review to address Awhether
a trial court has the power to reform a defendant=s
sentence after the defendant has already begun serving the sentence.@  However, the Court of
Criminal Appeals subsequently determined that its decision to grant review was
improvidently granted.  Appellant points to language in Judge Cochran=s concurring opinion to
support his position that the trial court had the plenary authority to modify
his initial sentence to ten years.

According
to appellant, Judge Cochran emphasized that a trial court could not orally
impose one sentence and then, at some later date, enter a greater or lesser
sentence Ain his
written judgment outside the defendant=s
or State=s presence.@  Judge Cochran went on to
say:

A
trial court has the inherent authority to alter, modify, or vacate its rulings,
but it does not have the inherent authority to alter, modify, or vacate a
sentence imposed in open court without statutory authorization and without the
presence of the parties.

 

McClinton,
121 S.W.3d at 771.  In view of Judge Cochran=s
statements, appellant emphasizes that all parties were present at hearings
concerning the two sentences; therefore, the trial court could have exercised
its plenary power to reduce the thirteen-year sentence to ten years.








In
addition to McClinton, appellant relies on State v. Aguilera, 165
S.W.3d 695 (Tex. Crim. App. 2005).  In Aguilera, the defendant made an
open plea of guilty to the court and was initially sentenced to twenty-five
years in prison.  On the same day, after an off-the-record victim impact
statement was delivered in court, the trial court held an in-chambers conference
with the attorneys to reconsider the sentence.  The trial court reassessed the
defendant=s sentence
at fifteen years.  The court of appeals reversed.  State v. Aguilera,
130 S.W.3d 134 (Tex. App.CEl
Paso 2003), rev=d,
165 S.W.3d 695 (Tex. Crim. App. 2005).  The Court of Criminal Appeals granted
the defendant=s
petition for review on the sole issue of whether  the court of appeals had
erred in holding that trial courts do not have the inherent power to vacate,
modify, or amend their sentences downward within the time of their plenary
power.  Aguilera, 165 S.W.3d at 696.  Reversing the court of appeals, the
Court of Criminal Appeals held that the trial court was acting within its
authority when it modified the defendant=s
sentence downward.  Therefore, appellant asserts that Aguilera supports
the conclusion that the trial court in this case had the authority to reduce
the sentence from thirteen years to ten years on November 7.  We disagree. 

 The
Court of Criminal Appeals was very specific in its holding in Aguilera:

At
a minimum, a trial court retains plenary power to modify its sentence if a
motion for new trial or a motion in arrest of judgment is filed within 30 days
of sentencing.  We hold that a trial court also retains plenary power to
modify its sentence if, as in this case, the modification is made on the same
day as the assessment of the initial sentence and before the court adjourns for
the day.

 

The
re-sentencing must be done in the presence of the defendant, his attorney, and
counsel for the state.  Such modifications comport with the provisions of
Article 42.09, ' 1,
that a defendant=s
sentence begins to run on the day that it is pronounced, and the provisions of Tex. Code Crim. Proc. Art. 42.03, ' 1(a) that a felony
sentence shall be pronounced in the defendant=s
presence (emphasis added).

 

Aguilera,
165 S.W.3d at 697-98.  The court again emphasized that the trial court was
acting within its authority when it acted Aonly
a few minutes after it had initially sentenced [the defendant] and before it
had adjourned for the day.@ 
Id. at 698.  Thus, a defendant=s
sentence begins at the adjournment of court on the day that it is pronounced. 
The court specifically noted that, under its holding in Aguilera, the
decision in McClinton was incorrect.  Id. at 698 n.7.

As
Judge Cochran observed in her concurring opinion, the Aguilera decision
permits a trial court to alter or modify the sentence up or down if the
defendant has not yet begun to serve the original sentence.  Aguilera,
165 S.W.3d at 702.  Judge Cochran noted that the majority in Aguilera
did not overrule Williams v. State, 170 S.W.2d 482, 486 (Tex. Crim. App.
1943), or Powell v. State, 63 S.W.2d 712, 713 (Tex. Crim. App. 1933),
where the court held that a trial court does not have the power to alter or
modify a defendant=s
sentence once the defendant has begun to serve his sentence.








In
this case, the trial court did not attempt to modify the thirteen-year sentence
until days after appellant had begun serving his sentence.  The trial court
correctly determined that it did not have the authority on November 7 to reduce
appellant=s sentence
from thirteen years to ten years.  Appellant=s
first two issues are overruled.

In
his third issue, appellant contends that his sentence in Cause No. 15867-B was
so tainted by the trial court=s
errors that the case should be remanded for a new punishment hearing. 
Essentially, appellant argues that the trial court=s actions and confusion caused egregious harm
to appellant.  Appellant points out that the trial court initially made a
mistake in admonishing him on the punishment range in his state jail felony
case.  The initial mistake in Cause No. 15897-B does not mean there was harm in
this case.  The trial court corrected its mistake in the state jail felony
case, and that correction benefitted appellant.  Appellant concedes that the
trial court had the authority to correct the illegal state jail sentence. 
Ultimately, the trial court did not err in either case.  Appellant=s third issue is overruled.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

July 10, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.