**Arthur Maurice MEINEKE, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–04–00026–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 28, 2005.

Bob Wicoff, Houston, TX, for appellant.

Carmen Castillo Mitchell, Houston, TX, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Arthur Maurice Meineke, was charged by indictment with the felony offense of arson. *See* TEX. PEN.CODE ANN. § 28.02 (Vernon 2003). A jury found appellant guilty and the trial court, pursuant to a sentencing agreement, ordered him to serve 30 years' confinement in the Texas Department of Criminal Justice, Institutional Division. In two points of error, appellant argues that the trial court: (1) erred by ordering him to serve an illegal sentence; and (2) lacked jurisdiction to hold a post-conviction hearing to correct the sentence. We affirm.

The record reflects that on the evening of May 30, 2003, appellant and his wife were engaged in a heated argument. At approximately 10:00 p.m., appellant's wife left their mobile home. Appellant then set fire to his wife's clothes and a portion of their home. Accordingly, appellant was subsequently indicted by a grand jury for arson. The indictment also contained two enhancement paragraphs alleging prior convictions for murder and aggravated assault.

Prior to trial, appellant elected to have a jury to both determine guilt and assess punishment. However, after the jury began deliberations, appellant entered into an agreement with the State whereby, if the jury found him guilty, he would switch his punishment election to the court in exchange for the court assessing punishment at 30 years' confinement. The jury returned a guilty verdict on December 17,

2003, and in accordance with appellant's agreement, the trial court orally pronounced sentence at 30 years.

After signing the judgment, the trial court apparently realized that, absent affirmative findings on the enhancement allegations, the thirty-year sentence was outside the limits for un-enhanced arson and, therefore, illegal.[1] To correct this oversight, the court recalled appellant the next morning, December 18, 2003, and reconvened to make findings on the enhancements. Based on a docket entry, it appears the court arraigned appellant on the enhancement charges, accepted his pleas of "true" to both enhancement paragraphs, and reaffirmed its original sentence of 30 years.[2]

In his first point of error, appellant contends the trial court exceeded its authority by entering an illegal sentence and by subsequently holding a post-conviction hearing on enhancement allegations to correct the sentence. Appellant claims that because the trial court initially made no findings on the two enhancement paragraphs, it impliedly found the allegations "not true." Thus, the subsequent sentence of 30 years exceeded the statutory range of punishment and constituted an illegal sentence. Further, appellant argues that when the trial court attempted to re-litigate the enhancement allegations—and ultimately "re-sentence" him—the court exceeded its authority.

■ We first consider whether a trial court can correct an illegal sentence by holding a post-conviction hearing in order to enter findings that make the sentence comport with the law.[3] In answering this

1. As enhanced, the arson conviction was punishable by a term of "life, or for any term of not more than 99 years or less than 25 years." See TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004–05). Without affirmative findings on the enhancements, the penalty for arson is limited to a term of "not more than 20 years or less than 2 years." See TEX. PEN.CODE ANN. § 12.33 (Vernon 2003).

2. Appellant alleges the trial judge apparently signed the judgment on December 17, 2003, but later interlineated an "8" over the "7." He argues that this improperly made it appear that the judgment was signed and sentence was entered on December 18, 2003. Appellant also points out that the date on his Notice of Appeal was altered and complains that the docket entry reflecting what actually transpired was blacked out.

A review of the judgment does, in fact, reveal two different dates. Written next to the entry for "Date of Judgment" is "12/17/03" and next to "Date Sentence Imposed" is "12/18/03." However, while the trial court's alterations may raise some question as to when each action actually took place, there was no impropriety in the court acting as it did. See generally Turner v. State, 116 Tex.Crim. 154, 31 S.W.2d 809 (1930) (" 'The power of the court to alter its docket entries and records during the term wherein they are made, includes the right within such time to revise, correct and change its sentences, however formally pronounced ...' ") (quoting 2 J. BISHOP, CRIMINAL PROCEDURE § 1298 (2d ed. 1872)).

3. Appellant couches the issue in the following terms: "whether the trial court, upon revisiting the issue of punishment ... and in trying to correct the illegal sentencing [is] obligated to correct the sentence ... only to the extent that it was illegal, that is not by revisiting the issue of whether enhancements have been proven ... but simply by assessing punishment within the result which had been legally reached, viz., an implicit rejection of enhancements and a finding that Appellant be sentenced for (unenhanced) arson." Therefore, appellant's ultimate complaint is that he should have been sentenced to no more than twenty years. See TEX. PEN.CODE ANN. §§ 12.33, 28.02 (Vernon 2003).

On the other hand, the State frames the question as: "whether [the trial court] had legal authority to enter the exact same sentence, with a written finding on the enhancements, one day after orally pronouncing the sentence without an oral finding on the enhancements."

question, appellant cites several cases for the proposition that once a trial court pronounces sentence, it is prohibited from making new findings in order to support the sentence.

First, appellant relies on *Tooke v. State,* 642 S.W.2d 514 (Tex.App.-Houston [14th] 1982, no pet.) and *State v. Dickerson,* 864 S.W.2d 761 (Tex.App.-Houston [1st Dist.] 1993, no pet.). In *Tooke,* this court reversed a trial court's attempt to re-sentence a defendant after the trial court initially failed to consider an enhancement charge. 642 S.W.2d at 518. The court orally sentenced the defendant to imprisonment for "not less than 5 years nor more than 50 years." *Id.* at 516. After realizing it had mistakenly overlooked an enhancement paragraph, the court proceeded to re-sentence the defendant to a term of "*not less than 15 years* nor more than 50 years." *Id.* (emphasis added). The defendant argued on appeal that the court erred in re-sentencing him once the sentence had been entered. *Id.* at 518. Agreeing with the defendant, this court explained:

> After sentence was first imposed on [the defendant], the trial court was without power to set aside that sentence and order a new sentence. Such attempted resentencing is null and void and of no legal effect. The original sentence was a valid and proper sentence. The court's failure to consider the enhancement paragraph of the indictment prior to first sentencing [the defendant] should not enlarge the court's power over the case.

*Id.* Consequently, this court modified the sentence to reflect the original 5 to 50 years' punishment. *Id.*

Similarly, in *Dickerson,* the First Court of Appeals reformed a judgment to reflect the original sentence after a trial court attempted to re-sentence a defendant with enhancements. 864 S.W.2d at 764. The trial court initially held a punishment hearing which included evidence on two enhancement allegations. *Id.* at 761–62. The court then proceeded to sentence the defendant to two years' confinement. *Id.* at 762. However, within a minute after the court pronounced the sentence, the State asked if the trial court considered and included the enhancements. *Id.* The court then immediately ordered the defendant to return to the bench, retracted the first sentence, and re-sentenced him to 25 years. *Id.* After the defendant complained of the decision to re-sentence him, the trial court reinstated the original two-year sentence. *Id.*

The State appealed, claiming that the 25 year sentence should have been upheld because the court "had the authority to correct an error in the assessment of punishment." *Id.* at 763. In affirming the trial court's original sentence, the First Court of Appeals echoed this court's decision in *Tooke* and went on to explain that:

> While ... the trial court *meant* to find the enhancement paragraphs true, three things occurred before it did so: (1) the court imposed a lawful punishment; (2) the court pronounced a valid and proper sentence; and (3) [the defendant] accepted the sentence. Under these procedural facts, the trial court was not free to "retract the sentence ... given here" and "resentence" [the defendant], regardless of the fact that the punishment originally assessed was the product of mistake or oversight.

*Id.* (emphasis in original). Accordingly, the court reformed the judgment by deleting the enhancement finding of "true" and changing the "25 years" to "2 years." *Id.*

We do not find either of these cases dispositive of the issue presented in this case. We agree that both *Tooke* and *Dickerson* stand for the proposition that a court cannot retract a *valid* sentence and re-

sentence a defendant to provide for greater punishment. *See Dickerson,* 864 S.W.2d at 763–64 (explaining that it is "too late" to change a sentence *once a lawful sentence is imposed* ); *Tooke,* 642 S.W.2d at 518 (holding that *when an original sentence is valid and proper,* any attempt to re-sentence the defendant is "null and void"). In fact, Judge Cochran recently clarified this very point in a concurring opinion, in *McClinton v. State,* 121 S.W.3d 768 (Tex.Crim.App.2003). In reviewing the extent of a trial court's authority to correct an illegal sentence, Judge Cochran explained that "[a] court does not have inherent authority to modify, alter, or vacate a *valid* sentence orally imposed solely by means of a later written judgment or docket entry." *Id.* at 771–72 (Cochran, J., concurring) (emphasis added). However, changing a valid sentence after it already has been entered and making entries which correct an otherwise invalid sentence are two different issues.

Here, the trial court's initial sentence was invalid. Texas jurisprudence undoubtedly recognizes a court's authority to correct an invalid sentence. *Id.* (Cochran, J., concurring) ("[B]oth trial and appellate courts may always take cognizance of an illegal or unauthorized sentence, with or without the prompting of the parties."); *Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim.App.2003) ("There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence.") (emphasis in original). The rationale is that a court has plenary jurisdiction over a case for the first thirty days after sentencing.

■ For example, a court has authority to receive a motion for new trial or a motion in arrest of judgment within that time period. *See* Tex.R.App. P. 21, 22; *McClinton,* 121 S.W.3d at 778 n. 1 (Coch-

ran, J., concurring); *In re State ex rel. Sistrunk,* 142 S.W.3d 497, 503 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Furthermore, the trial court has authority to resolve the merits of those motions within 75 days after sentencing. *See* Tex.R.App. P. 21, 22; *McClinton,* 121 S.W.3d at 778 n. 1 (Cochran, J., concurring). A court also has authority to correct clerical mistakes in a judgment or order *after* the expiration of 30 days. *See State v. Bates,* 889 S.W.2d 306, 309 (Tex.Crim.App.1994) (holding that a court can enter a judgment nunc pro tunc even after it has lost jurisdiction of the case). Therefore, a trial court has all the necessary "inherent power to correct, modify, vacate or amend its own rulings" in order to effectuate its judgment. *Awadelkariem v. State,* 974 S.W.2d 721, 728 (Tex.Crim.App.1998) (Meyers, J., concurring). "[S]o long as the court does not by its ruling divest itself of jurisdiction or exceed a statutory time table, it can simply change its mind on a ruling. *The ability to do so is a necessary function of an efficient judiciary." Id.* (emphasis added).

Therefore, it is clearly established that a trial court can correct an illegal sentence and can take whatever action is necessary, within its inherent powers, to do so. In fact, appellant concedes this point in his appellate brief. However, the bounds of these powers are unclear. Appellant contends that the court's authority is limited to *reducing* an incorrect or illegal sentence. He further argues that the court is absolutely precluded from revising a sentence if it involves making findings on enhancements for the first time during re-sentencing.

In support of his contentions on this point, appellant relies on *Ware v. State.* In *Ware,* the Fort Worth Court of Appeals upheld a trial court's decision to re-sentence a defendant—by reducing his sentence—in order to bring the sentence

within the limits allowed under the Texas Penal Code. 62 S.W.3d at 353–55. The court initially entered a judgment which read "COUNT ONE AND TWO–SEVENTY FIVE (75) YEARS." The defendant filed a motion for new trial in which he claimed the trial court erred when it sentenced him to 75 years on count two. He argued that the punishment for count two of the offense was limited to 20 years. The court agreed and held a subsequent punishment hearing at which it entered a nunc pro tunc judgment that effectively re-sentenced the defendant to a term of 10 years on the second count. On appeal, the defendant argued the court was without authority to re-sentence him because, if the first sentence was invalid, he was entitled to a new trial. The appellate court disagreed, and instead held that the trial court was acting within its plenary power to correct the sentence.

Appellant cites *Ware* for the proposition that if a court is going to correct an illegal sentence, it can only do so by reducing the sentence. However, we do not read *Ware* to be so limiting. Rather, we understand *Ware* to mean exactly what already has been established, *i.e.*, that a court has plenary authority to correct an illegal sentence. The fact that the court of appeals in *Ware* permitted the trial court to correct the sentence by reducing it does not mean that reduction is the *only* method a trial court can use to correct an invalid judgment. *See, e.g.*, TEX.R.APP. P. 21, 22; *McClinton*, 121 S.W.3d at 771–78 & n. 1 (Cochran, J., concurring); *Bates*, 889 S.W.2d at 309; *In re State ex rel. Sistrunk*, 142 S.W.3d at 503. Moreover, appellant does not cite any authority that explicitly states a court's plenary power is limited to reducing an incorrect sentence. Our own thorough review of the case law, similarly yields no authority. While we agree that a court cannot *increase* an otherwise valid sentence, we do not agree that

a court is prohibited from entering findings which are intended to make legal an otherwise illegal sentence. This is particularly true where the court has not attempted to *increase* an otherwise valid sentence, but rather, merely entered corrected findings in order to make a sentence comport with the requirements of the law.

Moreover, in an unpublished opinion from this court, we upheld a trial court's sentence after it held a post-conviction hearing in which the court made findings on two enhancement paragraphs. *Lewis v. State*, No. 14–97–01308–CR, 1999 WL 274904, at *1–4 (Tex.App.-Houston [14th Dist.], May 6, 1999, no pet.) (not designated for publication). In *Lewis*, the judgment was dated November 11, 1997, the docket sheet reflected that the court assessed punishment on November 13, and evidence showed the trial court held a subsequent hearing on punishment on November 18. *Id.* at *3–4. At the November 18 hearing, the trial court noted that the defendant previously had been sentenced to 20 years in prison but stated:

> I was thinking about this case, although I said on the record that the defendant was sentenced to 2 to 20 years in prison, and of course, that was based on my finding the enhancement paragraphs true, it occurred to me I had never actually said that on the record. I omitted to put that on there, and I wanted to make this clear on the record that I made that finding.
>
> I found both the first and second enhancement paragraphs to be true, prior to pronouncing sentence, but I failed to say that on the record.

*Id.* The trial court also entered handwritten notations on the judgment which indicated it had found the enhancements true. This court explained that the "trial court did not err because there is no require-

ment that the enhancement paragraphs be orally read to a defendant when the punishment is assessed by the trial court alone." *Id.* (quoting *Garner v. State*, 858 S.W.2d 656 (Tex.App.-Fort Worth 1993, no pet.)). The defendant in *Lewis* also cited *Tooke* to support his argument that the trial court was without authority to enter post-conviction enhancement findings. However, this court explained that the defendant's reliance on *Tooke* was misplaced because the trial court in that case attempted to set aside the first sentence and order a new sentence. To the contrary, this court concluded that "the trial court [in *Lewis* ] *sub judice* did not attempt to set aside its first judgment or re-sentence appellant." Instead, the trial court merely took action to ensure its findings satisfied the requirements of the sentence actually imposed.[4]

*Lewis* is directly applicable to the issue at hand in this case. Here, the trial court entered judgment on December 17, 2003, but held a subsequent hearing on December 18. Much like the trial court in *Lewis*, the court made findings *on the record* at the post-conviction hearing. As in *Lewis*, we similarly find that the trial court did not err by not orally reading the enhancements allegations in open court. The court was not required to make an oral pronouncement of its findings on the enhancements. *See Turner v. State*, 866 S.W.2d 117, 118 (Tex.App.-Fort Worth 1993, no pet.) (holding that a court does not have to pronounce a deadly weapon finding, but rather, the "only requirement ... is that the court enter a finding in its judgment"). While it certainly would have been better practice for the trial court to announce its enhancement findings prior to sentencing, its failure to do so was not error so long as it appears from the record that the court found the enhancements "true" and entered the sentence accordingly. *See Garner*, 858 S.W.2d at 660. Here, appellant virtually stipulated to the enhancement allegations by his acceptance of an agreed sentence. Based on appellant's and the court's acceptance of the *enhanced* sentencing agreement, we find ample evidence in the record to show the trial court found the enhancements "true" and entered the sentence accordingly.

■ We observe that when the trial court initially assessed a sentence of thirty years, the only evidence to support the enhancement allegations were three business records from the Harris Country Sheriff's Department. Each of these records contained a description of appellant, a statement of the offense for which he had been convicted, and fingerprints. However, there was no additional evidence, such as expert testimony that the fingerprints were those of appellant. During the punishment stage of a trial, the State has the burden of proving "the defendant on trial is in fact the same defendant named in the ... alleged felony convictions." *Ex Parte Augusta*, 639 S.W.2d 481, 485 (Tex.Crim. App.1982), *overruled on other grounds by Bell v. State*, 994 S.W.2d 173 (Tex.Crim. App.1999); *see also Russell v. State*, 790 S.W.2d 655, 657 (Tex.Crim.App.1990). Where the State fails to sufficiently prove the enhancement allegations, the defendant is entitled to a new punishment hearing. *See Ware*, 62 S.W.3d at 354–55. Accordingly, appellant contends he is entitled to a new trial on punishment.[5] *Id.*[6]

---

4. Additional reasoning supporting our conclusion can be found in *Junious v. State*, 120 S.W.3d 413, 414–17 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). There we explained that a trial court's putative granting of a new

trial on punishment was a "nullity." However, we also note that the court acted within its plenary jurisdiction to reform punishment.

5. Although appellant does not specifically assert, as a separate point of error, that the

A trial court can—in the interest of judicial economy—exercise its plenary power and take actions necessary to correct, modify, vacate, or amend its rulings. *Awadelkariem*, 974 S.W.2d at 728 (Meyers, J., concurring); *Ware*, 62 S.W.3d at 354–55; *Banks v. State*, 29 S.W.3d 642, 645 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Here, the trial court attempted to correct the error by amending its own rulings. Once the court realized it could not do so with the information before it, it brought appellant back before the court. In light of the fact that appellant agreed to the 30 year sentence and ultimately entered pleas of "true" to both enhancements, the trial court did not err. *See Ex parte Shoe*, 137 S.W.3d 100, 101 (Tex.App.-Fort.Worth, 2004, pet.granted) (denying a challenge to an illegal sentence that appellant agreed to accept, citing similar cases from several states and analogous cases within Texas). Accordingly, we overrule appellant's first point of error.

 In his second point of error, appellant contends the trial court was without jurisdiction to hold the post-conviction hearing because he already had filed his notice of appeal. While filing a notice of appeal properly invokes the appellate court's jurisdiction,[7] it does not automatically terminate the trial court's jurisdiction. *See Ware*, 62 S.W.3d at 353–54 (holding that a trial court has jurisdiction to act "at any time prior to the appellate record being filed in the court of appeals") (citing *Jones v. State*, 795 S.W.2d 199 (Tex. Crim.App.1990)); *see also Junious*, 120

S.W.3d at 417. Even if we were to presume, as appellant argues, that he filed his notice of appeal on December 17 (prior to the court's post-conviction hearing), the appellate record was not filed with this court until January 27, 2004. Therefore, the trial court still had jurisdiction over appellant's case at the time it held the post-conviction hearing and rightfully had authority to amend its rulings accordingly. *See Ware*, 62 S.W.3d at 354. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.

---

evidence was insufficient to support a finding of "true" on the enhancements, he does argue in his brief that the trial court impliedly found the enhancements "not true" by pronouncing sentence without making affirmative findings on the enhancements.

**6.** Only an appellate court can order a new trial as to punishment only. *State v. Hight*,

907 S.W.2d 845, 847 (Tex.Crim.App.1995); *see also* TEX.CODE CRIM. PROC. ANN. art. 44.29 (Vernon Supp.2004–05). If a trial court orders a new trial due to insufficient evidence on punishment, it must order a whole new trial. *See Ware*, 62 S.W.3d at 354–55.

**7.** *See, e.g.,* TEX.R.APP. P. 23.1; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996).