Affirmed and Opinion filed May 30, 2006









Affirmed and Opinion filed
May 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00276-CR

_______________

 

CARLOS ALBERTO MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                 
              

On Appeal from the 56th District Court

 Galveston
County, Texas

Trial Court Cause No. 03CR1166

                                                                                                                                               


 

O P I N I O N

 

Carlos
Alberto Martinez appeals the revocation of his post-conviction probation[1]
on the grounds that: (1) his original conviction was void; and (2) the trial
court=s judgment nunc pro tunc could
not retroactively impose conditions of probation for a period of time before it
was entered.  We affirm.








Although
this appeal purports to be from the revocation of appellant=s probation, it is actually based
upon, and thus instead directed to: (1) the validity of the original judgment
imposing community supervision (the Aoriginal judgment@); and (2) the effect of the
intervening nunc pro tunc judgment (to which appellant does not assign
error).  Appellant=s first issue contends the original
judgment was void because it convicted him of a greater crime (second-degree
felony possession with intent to deliver) than that with which he was charged
(third-degree felony possession, i.e., without intent to deliver).  Appellant argues that, because the original
judgment was thereby void, he was never lawfully placed on probation, and,
thus, there was no probation to revoke.

An
original judgment placing a defendant on community supervision generally must
be appealed, if at all, within the appellate time periods following entry of
that judgment and cannot later be attacked on an appeal of the revocation
proceeding.  See Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001). 
The exception to this general rule that appellant relies upon is that
for a Avoid judgment,@ which is a nullity and can be
attacked at any time.  Id. at
668-69.  Under that exception, where an
original judgment imposing probation is void, there is no judgment imposing
probation, and, accordingly, nothing to revoke. 
Id.

However,
a judgment is void only in very rare situations, usually due to the trial court=s lack of jurisdiction.  Id. at 668.  The very nearly exclusive list of situations
in which the judgment of conviction is void are those in which: (1) the
document purporting to be a charging instrument does not satisfy the
constitutional requisites of a charging instrument, and, thus, the trial court
has no jurisdiction over the defendant; (2) the trial court lacks subject
matter jurisdiction over the offense charged, such as when a misdemeanor
involving official misconduct is tried in a county court at law; (3) the record
reflects that there is no evidence to support the conviction; or (4) an
indigent defendant is required to face criminal trial proceedings without
appointed counsel, when such has not been waived.  Id.








In
this case, appellant contends that the original judgment is void because there
is no evidence to support the conviction. 
He bases this argument on the fact that the only evidence establishing
his guilt is his signed waiver and stipulation, in which he admitted Ato having committed each and every
element of the offense alleged in the . . . information . . . and [that]  . . . the facts contained in the . . .
information are true and correct. . . .@ 
Because he contends that the information alleged only third-degree
felony possession (i.e., without intent to deliver), he concludes there
was no evidence of intent to deliver, a necessary element of the second-degree
felony offense of which he was convicted, making the trial court=s judgment and sentence void.

The
caption of the information states that appellant was charged with Apossession of a controlled substance,
to-wit: cocaine with intent to deliver,@ whereas the body of the information
alleges only that appellant Adid then and there intentionally and knowingly possess a
controlled substance, to wit: Cocaine. . .@ and does not allege the delivery
element.[2]  Although this is clearly a discrepancy in the
charging instrument, such a defect, error, or irregularity of form or substance
in an information must be objected to before trial commences, or it is waived
and the right to object to such an error on appeal or in any other
post-conviction proceeding is forfeited. 
Tex. Code Crim. Proc. Ann.
art. 1.14(b) (Vernon 2005); see also Sanchez v. State, 120 S.W.3d 359,
366-67 (Tex. Crim. App. 2003).  Appellant
did not object to this discrepancy and cites no authority indicating whether
the caption or body of the charging instrument (if either) is controlling as to
the offense charged where such a difference exists.








In
addition, after the State filed its motion to revoke appellant=s community supervision, he filed a
motion to enter a nunc pro tunc judgment, alleging that the judgment and
sentence reflected in the original judgment (possession with intent to deliver)
did not accurately reflect the judgment rendered and pronounced by the court
(possession only).  The trial court
entered a nunc pro tunc judgment acknowledging this error.  Thus, appellant not only failed to bring the
discrepancy in the information to the trial court=s attention in any manner, he
affirmatively sought and obtained a nunc pro tunc judgment on a ground
that is at odds with his position on appeal that the original judgment could
not have convicted him for possession with intent to deliver in any event.

Further,
appellant=s waiver and stipulation form recites
and thus stipulates that he was charged with the offense of possession with
intent to deliver.  In the context of
this stipulation, his confession of guilt to each element of the offense
alleged in the information is some evidence to support his conviction of
possession with intent to deliver.[3]

Lastly,
even if the original judgment convicted appellant of a greater offense than
that with which he was charged, he cites no authority establishing that such an
error renders the original conviction void, as contrasted from merely voidable
and reversible if properly appealed. 
Because appellant=s first issue fails to demonstrate that the original judgment
is void, it is overruled.[4]








Appellant=s second issue contends that,
assuming the judgment nunc pro tunc validated the original judgment,[5]
it can only operate prospectively, not retroactively.[6]  Thus, he argues that it could not
retroactively impose the conditions of probation that were previously entered
with the original judgment, leaving no such conditions for him to be found to
have violated.  However this contention
assumes that the original judgment was void, which appellant has failed to
show.  Accordingly, appellant=s second issue affords no basis for
relief and is overruled; and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed May 30, 2006.

Panel consists of
Justices Edelman, Guzman and Murphy.[7]

Publish C Tex.
R. App. P. 47.2(b).











[1]           Appellant
entered a guilty plea, and the trial court entered a judgment probating his
five-year sentence.  On the State=s subsequent motion, the trial court revoked the
community supervision and sentenced appellant to 3 years confinement.





[2]           The
same difference exists in the charging affidavit.





[3]           When a
defendant levels a Ano-evidence@
challenge against a conviction, but the record on appeal contains no court
reporter=s transcription of the original plea hearing, then the
conviction is not void, even though the record, as far as it goes, tends to
support the no-evidence claim.  Nix,
65 S.W.3d at 669.  Here, there is no
reporter=s record from the original plea hearing because
appellant waived his right to have a reporter make a record of the proceedings
as part of his plea agreement.





[4]           In
addition, appellant=s original conviction and sentence resulted from a
plea bargain agreement with the State. 
If appellant had timely appealed the original judgment before
revocation, the scope of the issues that he could have raised in that appeal
would have been limited to those: (1) raised by written motions filed and ruled
on before his trial; or (2) for which permission was obtained from the trial
court.  Tex.
R. App. P. 25.2(a)(2); see also Hargesheimer v. State, 182 S.W.3d
906, 910, 913 (Tex. Crim. App. 2006).  An
appeal asserting other issues would have required dismissal.  Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006).  In this case,
appellant seeks to assert issues pertaining to the original judgment that were
not raised in pre-trial motions and for which no permission was sought or
obtained from the trial court.  Thus, by
appealing the original judgment after revocation of probation, and without
complying with the restrictions otherwise applicable to an appeal following a
negotiated plea, appellant effectively seeks a greater right of appeal
of the original judgment than would have been permitted in a timely appeal.





[5]           Appellant
does not challenge the validity of the nunc pro tunc judgment as
correcting a judicial rather than clerical error.  Indeed, our review of the record indicates
that the trial court indicated on its docket sheet that appellant=s charge was Areduced@ by the nunc pro tunc judgment.





[6]           A
trial court has authority to correct mistakes or errors in judgment or orders
after the expiration of the court=s
plenary power via entry of judgment nunc pro tunc.  State v. Bates, 889 S.W.2d 306, 309
(Tex. Crim. App. 1994); see also Meineke v. State, 171 S.W.3d 551, 555
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  The
force and effect of a judgment nunc pro tunc relates back to the date
the original judgment was pronounced.  See
Jones v. State, 795 S.W.2d 199, 203 n.1 (Tex. Crim. App. 1990) (en
banc). 





[7]           Senior
Chief Justice Paul C. Murphy sitting by assignment.