NO. 07-10-0291-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 1, 2011

JOE PAUL MEE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 43RD DISTRICT COURT OF TARRANT COUNTY;

NO. 1193427D; HONORABLE RUBEN GONZALEZ, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, J.J.

**MEMORANDUM OPINION**

Appellant, Joe Paul Mee, was convicted by a jury of theft enhanced to a state jail felony due to two or more prior theft convictions[1] and further enhanced to a second-degree felony by two other prior felony convictions.[2] He was sentenced to eleven years confinement. On appeal, Appellant asserts the State's evidence of the two convictions

---

[1] See Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2010).

[2] See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2010).

supporting enhancement to a second-degree felony is legally and factually insufficient.[3] The State concurs and confesses error. We reverse the trial court's judgment on punishment and remand for a new trial on that issue.

## Analysis

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007). We have read the record and, other than introducing two documents establishing that a person named Joe Paul Mee was convicted of two prior felonies, the State offered no evidence at the punishment hearing to link Appellant to the prior convictions. Accordingly, we agree with Appellant and the State that the evidence supporting enhancement to a second-degree felony is legally insufficient. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex.Crim.App. 1986) (certified copy of judgment and sentence normally insufficient standing alone to prove prior convictions even if name on judgment is the same as that of the defendant who is on trial).

Appellant asks that we vacate his present sentence and remand the case for sentencing in accordance with the range of punishment for a state jail felony. That we

---

[3]While this appeal was pending, the Court of Criminal Appeals held that appellate courts were to review the sufficiency of evidence in a criminal case using only the legal sufficiency standard. *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Judge Hervey delivered the opinion in *Brooks*, joined by Judges Keller, Keasler, and Cochran; and Judge Cochran delivered a concurring opinion, joined by Judge Womack. Although we are not bound by a decision of four judges, *Pearson v. State,* 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of Judges Hervey and Cochran in *Brooks* as abandoning factual sufficiency as an evidentiary sufficiency standard of review distinct from legal sufficiency

cannot do. *Bell v. State,* 994 S.W.2d 173, 175 (Tex.Crim.App. 1999) (court of appeals erred by reforming judgment when "it would not violate federal double jeopardy principles to allow the State 'a second chance to present its proof of the prior burglary conviction'") (quoting *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1988)). *See Barnes v. State*, 70 S.W.3d 294, 303 (Tex.App.--Fort Worth 2002, pet. ref'd).

## Conclusion

Accordingly, we sustain Appellant's issues, affirm the trial court's judgment of conviction, but we reverse the trial court's judgment on punishment and remand the cause for a new punishment trial because the error identified by Appellant relates to punishment only. See Tex. R. App. P. 43.2(d); Tex. Code Crim. Proc. Ann. 44.29(b) (West Supp. 2010); *Meineke v. State,* 171 S.W.3d 551, 557 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd). *See also Braun v. State*, No. 02-00008-13-CR, 2009 Tex. App. LEXIS 1510, at *10-11, *16 (Tex.App.--Fort Worth Mar. 5, 2009, pet. ref'd) (mem. op. not designated for publication); *Jordan v. State,* No. 02-01-00530-CR, 2003 Tex. App. LEXIS 4737, at *6-9 (Tex.App.--Fort Worth June 5, 2003, no pet.) (mem. op. not designated for publication); *Piper v. State*, No. 14-99-00649-CR, 2000 Tex. App. LEXIS 7418, at *2-3 (Tex.App.--Houston [14th Dist.] Nov. 2, 2000, no pet.) (mem. op. not designated for publication).

Patrick A. Pirtle
Justice

Do not publish.

3