NO. 07-10-0291-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 1, 2011

 JOE PAUL MEE, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 43RD DISTRICT COURT OF TARRANT COUNTY;

 NO. 1193427D; HONORABLE RUBEN GONZALEZ, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, J.J.

 MEMORANDUM OPINION

 Appellant, Joe Paul Mee, was convicted by a jury of theft
enhanced to a state jail felony due to two or more prior theft
convictions[1] and further enhanced to a second-degree felony by two
other prior felony convictions.[2] He was sentenced to eleven years
confinement. On appeal, Appellant asserts the State's evidence of the
two convictions supporting enhancement to a second-degree felony is
legally and factually insufficient.[3] The State concurs and
confesses error. We reverse the trial court's judgment on punishment
and remand for a new trial on that issue.

 Analysis

 To establish that a defendant has been convicted of a prior
offense, the State must prove beyond a reasonable doubt that (1) a
prior conviction exists, and (2) the defendant is linked to that
conviction. Flowers v. State, 220 S.W.3d 919, 921 (Tex.Crim.App.
2007). We have read the record and, other than introducing two
documents establishing that a person named Joe Paul Mee was convicted
of two prior felonies, the State offered no evidence at the punishment
hearing to link Appellant to the prior convictions. Accordingly, we
agree with Appellant and the State that the evidence supporting
enhancement to a second-degree felony is legally insufficient. See
Beck v. State, 719 S.W.2d 205, 210 (Tex.Crim.App. 1986) (certified
copy of judgment and sentence normally insufficient standing alone to
prove prior convictions even if name on judgment is the same as that
of the defendant who is on trial).

 Appellant asks that we vacate his present sentence and remand
the case for sentencing in accordance with the range of punishment for
a state jail felony. That we cannot do. Bell v. State, 994 S.W.2d
173, 175 (Tex.Crim.App. 1999) (court of appeals erred by reforming
judgment when "it would not violate federal double jeopardy principles
to allow the State 'a second chance to present its proof of the prior
burglary conviction'") (quoting Monge v. California, 524 U.S. 721, 118
S.Ct. 2246, 141 L.Ed.2d 615 (1988)). See Barnes v. State, 70 S.W.3d
294, 303 (Tex.App.--Fort Worth 2002, pet. ref'd).

 Conclusion

 Accordingly, we sustain Appellant's issues, affirm the trial
court's judgment of conviction, but we reverse the trial court's
judgment on punishment and remand the cause for a new punishment trial
because the error identified by Appellant relates to punishment only.
See Tex. R. App. P. 43.2(d); Tex. Code Crim. Proc. Ann. 44.29(b) (West
Supp. 2010); Meineke v. State, 171 S.W.3d 551, 557 (Tex.App.—Houston
[14th Dist.] 2005, pet. ref'd). See also Braun v. State, No. 02-00008-
13-CR, 2009 Tex. App. LEXIS 1510, at *10-11, *16 (Tex.App.--Fort Worth
Mar. 5, 2009, pet. ref'd) (mem. op. not designated for publication);
Jordan v. State, No. 02-01-00530-CR, 2003 Tex. App. LEXIS 4737, at *6-
9 (Tex.App.--Fort Worth June 5, 2003, no pet.) (mem. op. not
designated for publication); Piper v. State, No. 14-99-00649-CR, 2000
Tex. App. LEXIS 7418, at *2-3 (Tex.App.--Houston [14th Dist.] Nov. 2,
2000, no pet.) (mem. op. not designated for publication).

 Patrick A. Pirtle
 Justice
Do not publish.
-----------------------
[1]See Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2010).

[2]See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2010).

[3]While this appeal was pending, the Court of Criminal Appeals held
that appellate courts were to review the sufficiency of evidence in a
criminal case using only the legal sufficiency standard. See Brooks
v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Judge Hervey
delivered the opinion in Brooks, joined by Judges Keller, Keasler, and
Cochran; and Judge Cochran delivered a concurring opinion, joined by
Judge Womack. Although we are not bound by a decision of four judges,
Pearson v. State, 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we
read the combined opinions of Judges Hervey and Cochran in Brooks as
abandoning factual sufficiency as an evidentiary sufficiency standard
of review distinct from legal sufficiency