**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00347-CR

---

### IN RE DAMON KENDRICK DOVE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-61181A**

---

## MEMORANDUM OPINION

On April 15, 2015, relator Damon Kendrick Dove filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, to grant his motion for discovery and inspection of the State's file and evidence in his underlying conviction for sexual assault.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before a court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987 (orig. proceeding) (op. on reh'g). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding).

We first address whether the trial court has jurisdiction to rule on relator's motion for discovery and inspection. Without jurisdiction, a trial court would have no legal duty to rule on the motion. The trial court does not have "inherent" jurisdiction. *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.). Rather, the trial court derives its jurisdiction from either the Texas Constitution or by legislative enactment. *Staley v. State*, 420 S.W.3d 785, 795 (Tex. Crim. App. 2013).

This court affirmed relator's conviction for sexual assault on November 20, 2014, and the Texas Court of Criminal Appeals refused to grant relator's petition for discretionary review on April 1, 2015. *See Dove v. State*, No. 14-13-00686-CR, 2014 WL 6602421 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication). As of this date, the time for relator to file a motion for rehearing in the Texas Court of Criminal Appeals has not passed.

2

Once the appellate record has been filed in the court of appeals, the trial court no longer has jurisdiction over the case. *See* Tex. R. App. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *State v. Moore*, 225 S.W.3d 556, 568 (Tex. Crim. App. 2007) (observing that the trial court has jurisdiction until the record is filed in the appellate court); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) ([O]nce the trial record has been filed with the Court of Appeals or this Court, the trial court no longer has jurisdiction to adjudicate the case."); *Mieneke v. State*, 171 S.W.3d 551, 558 (Tex. App.— Houston [14th Dist.] 2005, pet. ref'd) (holding the trial court had jurisdiction to hold post-conviction hearing because appellate record not been filed with court of appeals at the time of the hearing).

The clerk's record was filed on September 19, 2013, and supplemental clerk's records were filed on December 3, 2013, January 12, 2015, and March 30, 2015. The reporter's record was filed on September 24, 2013, and the supplemental reporter's record was filed on September 30, 2013. Relator has not cited a statute that would give the trial court jurisdiction over a post-trial request for discovery and inspection of the State's file and evidence. Therefore in the absence of a statute providing the trial court with jurisdiction over relator's request that he be provided with certain items in the State's file and be allowed to inspect

3

exhibits and other physical and tangible objects, the trial court does not have jurisdiction over relator's motion.[1]

Relator has not established that he is entitled to a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Relator requests that we compel the trial court to grant his motion. Although a court of appeals can compel a trial court to rule on a properly pending motion, it cannot tell the trial court how to rule on the motion. *See State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.2d 924, 927 n.3 (Tex. Crim. App. 2001).